# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Adde M. S.,

    Petitioner,

v.

William P. Barr, Attorney General,

Chad F. Wolf, Acting Secretary,
Department of Homeland Security,[1]

Matthew T. Albence, Acting Director,
Immigration and Customs Enforcement,[2]

Peter Berg, Director, St. Paul Field Office,
Immigration and Customs Enforcement,
and

Eric Hollien, Kandiyohi County Sheriff,

    Respondents.

Case No. 19-cv-1898 (MJD/TNL)

**REPORT &
RECOMMENDATION**

John R. Bruning, Kim Hunter Law, PLLC, 656 Selby Avenue, Suite 100, St. Paul, MN 55104 (for Petitioner); and

Ana H. Voss, Ann M. Bildtsen, and Pamela Marentette, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Respondents Barr, Wolf, Albence, and Berg).

---

[1] Wolf is the current Acting Secretary of the Department of Homeland Security. *Chad F. Wolf*, U.S. Dep't of Homeland Sec., https://www.dhs.gov/person/chad-f-wolf (last visited Feb. 18, 2020). The Court has substituted Wolf for Kevin McAleenan. *See* Fed. R. Civ. P. 25(d) (public officer's "successor is automatically substituted as a party" and "[l]ater proceedings should be in the substituted party's name").

[2] Albence is the current Action Director of U.S. Immigration and Customs Enforcement. *ICE Leadership*, U.S. Immigration & Customs Enf't, U.S. Dep't of Homeland Sec., https://www.ice.gov/leadership (last visited Feb. 18, 2020). The Court has substituted Albence for Thomas Homan. *See* Fed. R. Civ. P. 25(d).

1

# I. INTRODUCTION

This matter comes before the Court on Petitioner Adde M. S.'s Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1) under 28 U.S.C. § 2241. The Petition has been referred to the undersigned for a report and recommendation to the district court, the Honorable Michael J. Davis, District Judge for the United States District Court for the District of Minnesota, under 28 U.S.C. § 636 and D. Minn. LR 72.1. Based upon the record, memoranda, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Petition be **GRANTED IN PART** and **DENIED IN PART** as set forth below.

# II. BACKGROUND

Petitioner is a native of Yemen and citizen of Somalia. (ECF No. 1-1, p. 2). He entered the United States as a refugee in 2003. (ECF no. 7, p. 2). He adjusted his status to lawful permanent resident in 2006. (ECF No. 7, p. 2).

Between 2010 and 2018, Petitioner was convicted of several criminal offenses. (*Id.*, pp. 2-4). Upon his release from jail in August 2018, ICE officials detained him and commenced removal proceedings. (*Id.*, p. 4). Petitioner has generally been detained under the mandatory detention provisions of 8 U.S.C. § 1226(c) since that time, though he was transferred to Dakota County to participate in criminal proceedings in September 2018, October 2018, and November through December 2018. (ECF No. 7-1, pp. 34-35, 37).

In April 2019, the Immigration Judge granted Petitioner's application for cancellation of removal. (ECF No. 7-1, pp. 40-49). The government appealed that decision. (ECF No. 7, p. 4). While the government's appeal was pending, Petitioner filed this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his ongoing

2

detention. (ECF Nos. 1, 3). In general, he argues that his continued detention under Section 1226(c) violates his due process rights.

Respondents Barr, Wolf, Albence, and Berg (collectively, "the Federal Respondents") filed a Response to the Petition on August 21, 2019. (ECF No. 6). Shortly thereafter, the Board of Immigration Appeals vacated the Immigration Judge's order granting cancellation of removal and remanded the matter for consideration of Petitioner's other claims for relief. (ECF No. 14-1, p. 3). Petitioner then filed a motion for extension of time to file a reply in this proceeding, which the Court granted on September 25, 2019. (ECF No. 10). Petitioner then filed his reply on October 21, 2019. (ECF No. 12). A few weeks after that, the Immigration Judge denied Petitioner's claims for asylum, withholding of removal, and for relief under the Convention Against Torture. (ECF No. 14-1). He ordered Petitioner removed to Somalia. (*Id*.). Petitioner appealed the removal order to the Board of Immigration Appeals on December 9, 2019. (ECF No. 16).

### III. ANALYSIS

"A writ of habeas corpus enables a person detained by the government to challenge the legality of his confinement and, if successful, obtain his release." *Abdulkadir A. v. Sessions*, No. 18-cv-2353 (NEB/HB), 2018 WL 7048363, at *2 (D. Minn. Nov. 13, 2018) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973)), *accepting report and recommendation*, 2019 WL 201761 (D. Minn. Jan. 15, 2019). Federal courts have jurisdiction to hear habeas challenges to the lawfulness of immigration-related detentions under 28 U.S.C. § 2241. *Demore v. Kim*, 538 U.S. 510, 516-17 (2003).

The Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). "It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993); *accord Demore*, 538 U.S. at 523.

Petitioner is being detained under § 1226, a federal statute that governs pre-removal-order detention. 8 U.S.C. § 1226(c)(1). Section 1226(c) mandates that certain aliens be taken into custody during removal proceedings. *Jennings v. Rodriguez*, 138 S. Ct. 830, 846 (2018); *Demore*, 538 U.S. at 517-18, 527-28. But such detention may last only for the "brief period necessary" for removal proceedings to run their course." *Demore*, 538 U.S. at 513; *see also Muse v. Sessions*, No. 18-cv-0054 (PJS/LIB), 2018 WL 4466052, at *2 (D. Minn. Sept. 18, 2018) (quoting 538 U.S. at 513). "Constitutional difficulties arise . . . when detention under § 1226(c) ceases to be 'brief.'" *Muse*, 2018 WL 4466052, at *2. In *Zadvydas*, the Supreme Court cautioned that "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem." 533 U.S. at 690; *see Muse*, 2018 WL 4466052, at *2.

**A. *Jennings v. Rodriguez***

Prior to the Supreme Court's decision in *Jennings*, "several federal courts of appeals—citing the canon of constitutional avoidance—construed § 1226(c) to include a reasonableness limitation on the length of time that an alien could be detained." *Muse*,

4

2018 WL 4466052, at *2 (collecting cases); *see Mohamed v. Sec'y Dep't of Homeland Sec.*, 376 F. Supp. 3d 950, 954 (D. Minn. 2018). The First, Third, Sixth, and Eleventh Circuits "adopted a fact-dependent reasonableness standard for judging whether the period of detention ha[d] exceeded this permissible duration." *Mohamed*, 376 F. Supp. 3d at 954; *see also Abdulkadir A.*, 2018 WL 7048363, at *10; *see, e.g.*, *Reid v. Donelan*, 819 F.3d 486, 500-01 (1st Cir. 2016), *withdrawn*, *Reid v. Donelan*, Nos. 14-1270, 14-1803, 14-1823, 2018 WL 4000993, at *1 (1st Cir. May 11, 2018); *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469, 473-78 (3d Cir. 2015), *abrogation recognized by Guerrero-Sanchez v. Warden York Cty. Prison*, 905 F.3d 208, 221 (3d Cir. 2018); *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 233-35 (3d Cir. 2011), *overruling recognized in Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018); *Ly v. Hansen*, 351 F.3d 263, 271-73 (6th Cir. 2003); *Sopo v. U.S. Att'y Gen.*, 825 F.3d 1199, 1214-19 (11th Cir. 2016), *vacated*, *Sopo v. U.S. Att'y Gen.*, 890 F.3d 952, 953-54 (11th Cir. 2018). "The Second and Ninth Circuits . . . adopted a bright-line rule, requiring a specific finding of flight risk or danger to the community to justify any pre-removal detention exceeding six months." *Mohamed*, 376 F. Supp. 3d at 954; *see also Abdulkadir A.*, 2018 WL 7048363, at *10; *see, e.g.*, *Lora v. Shanahan*, 804 F.3d 601, 613-16 (2d Cir. 2015), *cert. granted and judgment vacated*, *Shanahan v. Lora*, 138 S. Ct. 1260 (2018); *Rodriguez v. Robbins*, 804 F.3d 1060, 1077-81 (9th Cir. 2015), *reversed*, *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Rodriguez v. Robbins*, 715 F.3d 1127, 1136-39 (9th Cir. 2013).

*Jennings* rejected the use of statutory interpretation to graft a reasonableness limitation onto § 1226(c). 138 S. Ct. at 842, 846-47; *see Muse*, 2018 WL 4466052, at *2.

5

The Supreme Court observed that although "§ 1226(c) does not on its face limit the length of the detention it authorizes," it "is *not* 'silent' as to the length of detention." 138 S. Ct. at 846. Rather, Section 1226(c) "mandates detention pending a decision on whether the alien is to be removed from the United States, and it expressly prohibits release from that detention except for narrow, witness-protection purposes." *Id.* (quotation and citation omitted); *see Ali v. Brott*, 770 F. App'x 298, 301 (8th Cir. 2019). Because "§ 1226(c) makes clear that detention of aliens within its scope *must* continue pending a decision on whether the alien is to be removed from the United States," statutory interpretation could not be used to alter its terms. *Jennings*, 138 S. Ct. at 846-47 (quotation omitted); *see Ali*, 770 F. App'x at 301; *Muse*, 2018 WL 4466052, at *2. *Jennings*, however, did not address the accompanying constitutional due process questions and remanded them for consideration by the appellate court in the first instance. 138 S. Ct. at 839, 851.

## B. Evaluating § 1226(c) Detention After *Jennings*

### 1. *Muse* Factors

Following *Jennings*, courts in this District have "h[eld] that a due-process challenge to § 1226(c) detention must be resolved by closely examining the facts of the particular case to determine whether the detention is reasonable." *Muse*, 2018 WL 4466052, at *3; *see Mohamed*, 376 F. Supp. 3d at 956-58; *see, e.g.*, *Tao J. v. Sec'y Dep't of Homeland Security*, 2019 WL 1923110, at *3-*4 (D. Minn. Apr. 30, 2019); *Bolus A. D. v. Sec'y Dep't of Homeland Security*, 376 F. Supp. 3d 959, 961-62; *Liban M. J. v. Sec'y of Dep't of Homeland Sec.*, 367 F. Supp. 3d 959, 963-65 (D. Minn. 2019); *Abdulkadir A.*, 2018 WL 7048363, at *11-13. Several factors are considered "in identifying the point at which

6

continued detention becomes unreasonable and the Executive Branch's implementation of § 1226(c) becomes unconstitutional unless the Government has justified its actions at a hearing inquiring into whether continued detention is consistent with the law's purposes of preventing flight and dangers to the community." *Muse*, 2018 WL 4466052, at *3 (quotation omitted). These factors include:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays of the removal proceedings caused by the detainee; (5) delays of the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Id.*[3]

### 2. Application of *Muse* Factors

#### a. First Factor: Length of Detention to Date

The first factor is the length of detention to date. *Muse*, 2018 WL 4466052, at *4. The length of detention "is critical to the due-process inquiry." *Id.* "[T]he longer detention persists, the more difficult it is for the government to justify continued detention." *Bolus A. D.*, 376 F. Supp. 3d at 961. "Continued detention without inquiry into its necessity becomes more and more suspect as detention continues past the time frame described in

---

[3] These factors are based on *Reid*, 819 F.3d at 500-01, which was decided prior to *Jennings*. As the Federal Respondents point out, the First Circuit Court of Appeals has since withdrawn *Reid*. 2018 WL 4000993. Acknowledging that *Reid* was withdrawn after *Jennings*, *Muse* found that these "factors 'represent a reasonable framework for balancing the due process interests at stake' even though they were 'originally adopted in the context of reading an implicit reasonableness limitation into § 1226(c).'" 2018 WL 4466052, at *3 n.3 (quoting *Portillo v. Hott*, No. 1:18-470, 2018 WL 3237898, at *7-9 (E. D. Va. July 3, 2018)). And courts in this District have continued to apply these factors, finding unpersuasive arguments like those advanced by the Federal Respondents regarding their use. *See, e.g.*, *Omar M. v. Barr*, No. 18-cv-2646 (JNE/ECW), 2019 WL 2755937, at *2 (D. Minn. July 2, 2019), *appeal dismissed*, No. 19-2881 (8th Cir. Oct. 17, 2019); *see also Tao J.*, 2019 WL 1923110, at *3 n.3; *Bolus A. D.*, 376 F. Supp. 3d at 961 n.2; *Liban M. J.*, 367 F. Supp. 3d at 963 n. 3; *Abdulkadir A.*, 2018 WL 7048363, at *11 n.3; *Mohamed*, 376 F. Supp. 3d at 957-58; *cf. Abshir H. A. v. Barr*, No. 19-cv-1033 (PAM/TNL), 2019 WL 3719414, at *2 (D. Minn. Aug. 7, 2019).

7

*Demore.*" *Abdulkadir A.*, 2018 WL 7048363, at *12 (quotation omitted). "As detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing." *Muse*, 2018 WL 4466052, at *4; *see Reid v. Donelan*, 390 F. Supp. 3d 201, 219 (D. Mass. 2019) ("To provide guidance in determining the reasonableness of prolonged mandatory detention under § 1226(c), the Court concludes, based on the record and the Government's own policies, that such detention is likely to be unreasonable if it lasts more than one year during removal proceedings before the agency, excluding any delays due to the alien's dilatory tactics." (footnote omitted)), *appeals docketed*, No. 19-cv 1900 (1st Cir. Sept. 23, 2019), No. 19-1787 (1st Cir. Aug. 13, 2019).

Petitioner has been detained for approximately 18 months, well "beyond the 'brief' period assumed in *Demore*."[4] *Liban M. J.*, 367 F. Supp. 3d at 964. Under existing case law in this District and elsewhere, the length of Petitioner's detention weighs in his favor. *See, e.g.*, *Malcolm A. H. v. Green*, No. 19-264, 403 F. Supp. 398, at *4 (D. N.J. 2019) (more than 14 months), *appeal docketed*, No. 19-3288 (3rd Cir. Oct. 11, 2019); *Tao J.*, 2019 WL 1923110, at *3 (approximately 14.5 months); *Fremont v. Barr*, No. 18-cv-1128, 2019 WL 1471006, at * 4 (W.D. N.Y. Apr. 2, 2019) (approximately one year); *Vargas v. Beth*, 378 F. Supp. 3d 716, 727 (E.D. Wis. Mar. 22, 2019) (approximately 9.5 months), *appeal dismissed*, No. 19-1965, (7th Cir. July 18, 2019); *Liban M. J.*, 367 F. Supp. 3d at 963 (approximately 12 months); *Abdulkadir A.*, 2018 WL 7048363, at *12 (9 months); *Muse*, 2018 WL 4466052, at *4 (over 14 months); *see also Reid*, 390 F. Supp. 3d at 219

---

[4] Neither party argues that Petitioner's transfer to Dakota County to participate in criminal proceedings has any impact on this factor. But even if the Court excluded that time from consideration, the Court's analysis of this factor would not change.

8

(detention beyond one year likely to be unreasonable); *Doe v. Beth*, No. 18-C-1672, 2019 WL 1923867, at *4 (E.D. Wis. Apr. 29, 2019) (listing cases granting individualized bond hearings for detentions lasting between 7 and 48 months).

The Court recognizes that "there is no bright-line rule for what constitutes a reasonable length of detention." *Liban M. J.*, 367 F. Supp. 3d at 963-64; *see Reid*, 390 F. Supp. 3d at 220 ("This one-year period is not a bright line."). The Court also recognizes that there are other authorities that suggest similar lengths of detention do not violate the Due Process Clause. *See, e.g.*, *Selvin M. R. v. Green*, Civil Action No. 18-14058 (JLL), 2019 WL 981651, at *3 (D. N. J. Feb. 27, 2019) (14 months); *Vukosavljevic v. Low*, No. 3:18-cv-1235, 2018 WL 6706691, at *2 (M.D. Penn. Dec. 20, 2018) (just over a year); *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F. Supp. 3d 518, 527 (W.D. La. 2018) (not likely to succeed on claim that ten months of detention was unreasonable), *appeal dismissed*, No. 18-31246 (5th Cir. Feb. 7, 2019); *Carlos A. v. Green*, Civil Action No. 18-741 (SDW), 2018 WL 3492150, at *5 (D. N.J. July 20, 2018) (just over a year). Based on the weight of the authority, however, the Court concludes that this factor weighs in Petitioner's favor.

### b. Second Factor: Likely Duration of Future Detention

The second factor is the likely duration of future detention, "consider[ing] how long the detention is likely to continue in the absence of judicial relief." *Muse*, 2018 WL 4466052, at *5. In doing so, "courts consider the anticipated duration of the entire judicial and administrative process." *Bolus A. D.*, 376 F. Supp. 3d at 962; *see Muse*, 2018 WL 4466052, at *5. The Federal Respondents assert that Petitioner's "removal proceedings

9

are nearing conclusion." (ECF No. 6, p. 17). They note the average time for the BIA to decide a matter is five months. (ECF No. 7, p. 4).[5] Of course, if the BIA were to rule in favor of Petitioner, additional proceedings might be required, and it would be impossible to determine how long those proceedings might last. It also possible that Petitioner would appeal an adverse decision from the BIA to the Eighth Circuit, which might issue an order staying his removal.

For all of these reasons, the Court is not in a position to speculate how much longer Petitioner's removal proceedings will post. But it seems likely that Petitioner's detention will continue for several more months. The most recent appeal to the BIA appears to be still under advisement with briefing likely completed just a short time ago. *See Board of Immigration Appeals Practice Manual*, Section 4.7, *available at* https://www.justice.gov/eoir/file/1205211/download (setting forth briefing deadlines for BIA appeals). Thus, "tak[ing] into account the anticipated duration of all [Petitioner's] removal proceedings, including administrative and judicial appeals," Petitioner may well continue to be detained for a significant period of time. *Omar M. v. Barr*, No. 18-cv-2646 (JNE/ECW), 2019 WL 3570790, at *6 (D. Minn. May 6, 2019), *adopting report and recommendation*, 2019 WL 2755937 (D. Minn. July 2, 2019), *appeal dismissed*, No. 19-cv-2881 (8th Cir. Oct. 17, 2019). Accordingly, this factor also favors Petitioner.

---

[5] The Government made this assertion regarding an appeal that it filed in Petitioner's immigration proceedings. It would seem, however, that the same amount of time would be required to decide Petitioner's appeal.

### c. Third Factor: Conditions of Detention

The third factor is the conditions of detention. *Muse*, 2018 WL 4466052, at *5. "Aliens held under § 1226(c) are subject to civil detention rather than criminal incarceration." *Id.* "Whether the conditions of civil immigration detention are meaningfully different from those of criminal detention factors into the reasonableness of Petitioner's detention." *Liban M. J.*, 367 F. Supp. 3d at 964. "The more that the conditions under which the alien is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." *Muse*, 2018 WL 4466052, at *5. In addition, "the weight of this factor increases with the length of detention." *Bolus A. D.*, 376 F. Supp. 3d at 962.

The Federal Respondents do not dispute that Petitioner is being detained at a criminal corrections facility. As such, the conditions of Petitioner's detention are difficult to distinguish from those in criminal incarceration. *See Bolus A. D.*, 376 F. Supp. 3d at 962 (confinement "in a corrections facility with inmates who are either serving criminal sentences or awaiting criminal trials" is "indistinguishable from criminal incarceration"); *Muse*, 2018 WL 4466052, at *5 (confinement "in a county jail alongside inmates who are serving criminal sentences" is "indistinguishable from penal confinement"). These conditions coupled with the length of Petitioner's detention result in this factor also weighing in Petitioner's favor. *See Bolus A. D.*, 376 F. Supp. 3d at 962; *see also Abshir H. A. v. Barr*, No. 19-cv-1033 (PAM/TNL), 2019 WL 3719414, at *7 (D. Minn. June 28, 2019) (county jail), *adopting report and recommendation*, 2019 WL 3719414 (D. Minn. Aug. 7, 2019); *Omar M.*, 2019 WL 3570790, at *6 (county jail); *Tao J.*, 2019 WL 1923110,

at *4 (criminal correctional facility); *Liban M. J.*, 367 F. Supp. 3d at 964 (criminal correctional facility); *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 860 (D. Minn. 2019) (county jail); *Abdulkadir A.*, 2018 WL 7048363, at *12 (county jail); *Muse*, 2018 WL 4466052, at *5 (county jail). This factor also weighs in favor of Petitioner.

### d. Fourth and Fifth Factors: Delays in the Immigration Proceedings Caused by Either Party

The fourth factor considers whether Petitioner has delayed the immigration proceedings, while the fifth factor considers whether the Government has done the same. *See Muse*, 2018 WL 4466052, at *5-*6. In this case, while both sides have appealed a decision of the Immigration Judge, both sides were also within their right to do so. *See Omar M.*, 2019 WL 3570790, at *6; *Abdulkadir A.*, 2018 WL 7048363, at *12. Indeed, each party has the right to advance substantive arguments in support of its position throughout the process. *See, e.g.*, *Bolus A. D.*, 376 F. Supp. 3d at 962; *Liban M. J.*, 367 F. Supp. 3d at 965; *Muse*, 2018 WL 4466052, at *5-6. There is nothing in the record to suggest that either side has engaged in dilatory tactics.[6] On balance, the Court finds that the fourth factor weighs in favor of Petitioner and the fifth factor weighs in favor of the Government.

### e. Sixth Factor: Likelihood of a Final Removal Order

The sixth and final factor is "the likelihood that the proceedings will culminate in a final removal order." *Muse*, 2018 WL 4466052, at *6. "The more likely that the alien will be removed, the longer the detention that will be deemed reasonable." *Id.*

---

[6] Petitioner was granted an extension of time to file a reply in this habeas case. This extension does not appear to have had any impact on Petitioner's immigration proceedings.

12

Judges in this District have declined to speculate on the outcome of pending proceedings; most often find this factor to be neutral in their analysis. *Abshir H. A.*, 2019 WL 3719467, at *8; *see, e.g.*, *Omar M.*, 2019 WL 3570790, at *7 ("The court is not in a position to weigh the merits of the removal order, and therefore finds this factor neutral."); *Tao J.*, 2019 WL 1923110, at *4 ("The Court agrees it is not in the position to weigh the merits of the removal order and thus finds this factor to be neutral. The Court cannot predict what will occur with DHS's appeal to the BIA, and thus does not have a sufficient basis to determine whether Petitioner will likely be removed."); *Bolus A. D.*, 376 F. Supp. 3d at 962 ("[A]s the Court is not in a position to weigh the merits of either the government's grounds for removal or B.D.'s appeal, this factor is neutral."); *Abdulkadir A.*, 2018 WL 7048363, at *12 ("This Court is not inclined to speculate about the merits of the arguments before the BIA or the BIA's ruling."). The Court is likewise inclined not speculate on the outcome of Petitioner's appeal to the Board of Immigration Appeals.

### f. Balance of Muse Factors

In sum, four factors weigh in Petitioner's favor; one factor is neutral; and one factor weighs in favor of the Government. The Court finds that continuing to detain Petitioner without affording him a bond hearing would violate his right to due process under the Fifth Amendment, and therefore recommends that the Petition be granted in part. *See Omar M.*, 2019 WL 3570790, at *7; *Tao J.*, 2019 WL 1923110, at *4; *Bolus A. D.*, 376 F. Supp. 3d at 962; *Liban M. J.*, 367 F. Supp. 3d at 965; *Jamal A.*, 358 F. Supp. 3d 860; *Abdulkadir A.*, 2018 WL 7048363, at *13; *Muse*, 2018 WL 4466052, at *6; *Mohamed*, 376 F. Supp.

13

3d at 957-58. To the extent that Petitioner seeks immediate release, however, the Court recommends that the Petition be denied.[7]

Should this Court's recommendation be adopted, the Court further recommends that an Immigration Judge provide Petitioner with a bond hearing within 30 days of any such order. At the bond hearing, the Immigration Judge shall make an individualized determination regarding whether Petitioner's detention is necessary to protect the community and/or to prevent Petitioner from fleeing.[8]

## IV. RECOMMENDATION

Based upon the record, memoranda, and the proceedings herein, and for the reasons stated above, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) be **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

2. Petitioner's request for immediate release be **DENIED**.

3. The Federal Respondents' request to dismiss all respondents but Field Office Director Berg be **DENIED**.

4. If this Report & Recommendation is adopted, an Immigration Judge shall provide Petitioner with a bond hearing within 30 days of such order. At the bond hearing, the Immigration Judge shall make an individualized determination

---

[7] The Federal Respondents briefly argue in a footnote that Field Officer Berg is the only proper respondent in this case, and that all other respondents should be dismissed. The Court declines to recommend as much. Though true that the proper respondent in a habeas case is the person who controls the petitioner's custody and can produce him if necessary, *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004), some courts have held that other individuals, including the Attorney General, are proper respondents in habeas immigration proceedings. *See, e.g.*, *de Jesus Paiva v. Aljets*, No. 03-cv-6075, 2003 WL 22888865, at *4 (D. Minn. Dec. 1, 2003). It is not clear, based on the record before the Court, what agencies would be responsible for effecting the Court's Report and Recommendation, should it be adopted. As Petitioner notes, though the county sheriff and ICE field office director have day-to-day custody over Petitioner, the Department of Justice is responsible for providing Petitioner a bond hearing. *See* 8 U.S.C. § 1226(a) (stating that Attorney General has authority to release detained alien on bond); 8 C.F.R. § 1003.19. Because the record has not been adequately developed on these issues, the Court will not recommend that any Respondent be dismissed here.

[8] Determinations as to the applicable standard of proof and who is to bear it are most appropriately deferred to the Immigration Judge in the first instance. *See, e.g.*, *Bolus A. D.*, 376 F. Supp. 3d at 963; *Muse*, 2018 WL 4466052, at *6; *see also Jamal A.*, 358 F. Supp. 3d at 860 n.6.

regarding whether Petitioner's detention is necessary to protect the community and/or to prevent Petitioner from fleeing.

Dated: February 20, 2020                    *s/ Tony N. Leung*
                                            Tony N. Leung
                                            United States Magistrate Judge
                                            District of Minnesota

                                            *Adde M. S. v. Barr, et al.*
                                            Case No. 19-cv-1898 (MJD/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).